**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Osama Abdelhamid<br><br>Plaintiff,<br><br>v.<br><br>The Lane Construction Corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:23-cv-02472-LLA |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO**
**<u>DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND EXPENSES</u>**

## INTRODUCTION

In opposing the motion for attorney's fees filed by Defendant, The Lane Construction Corporation ("Lane"), Plaintiff largely reiterates the same arguments made in his failed motion to compel, which the Court rejected as meritless. Those same arguments remain meritless and are insufficient to substantially justify Plaintiff's motion to compel. Given that, and because it would not be unjust to award Lane its reasonable attorney's fees and expenses incurred in opposing that motion, the Court should award Lane those fees and expenses.

## ARGUMENT

Plaintiff initially suggests that Lane's motion for attorney's fees and expenses should be denied because (i) his motion to compel was a "good faith effort to enforce the Court's July 29, 2025 production order" and (ii) Lane's "fee request seeks to punish a genuine discovery dispute and to convert Rule 37 into a weapon against reasonable attempts to verify compliance." Doc. 44 at 1. Plaintiff's "argument fails on two fronts." *Nasreen v. Capitol Petro. Grp., LLC,* 2022 U.S. LEXIS 104653, *11-12 (D.D.C. Apr. 11, 2022).

First, as Lane showed previously, "[b]y its terms, Rule 37 imposes no bad faith or willfulness requirement." Doc. 42-1 at 2 (quoting *Beck v. Test Masters Edu. Servs., Inc.*, 2012 U.S. Dist. LEXIS 190127, *6 (D.D.C. Sept. 25, 2012)). *See Nasreen*, 2022 U.S. Dist. LEXIS 104653 at *12 ("neither Rule 37's text nor the advisory committee's explanatory notes require that a party facing monetary sanctions have willfully dishonored their discovery obligations or done so in bad faith"); *FDIC ex rel. IndyMac Bank F.S.B. v. Irving*, 2009 U.S. Dist. LEXIS 140476, *4 (D.D.C. Sept. 14, 2009) ("Willfulness is not a prerequisite for the imposition of Rule 37 sanctions …."); *U.S. ex rel. El-Amin v. George Washington Univ.*, 2001 U.S. Dist. LEXIS 23438, *6 (D.D.C. July 13, 2001) ("no finding of subjective bad faith is required" for imposition of Rule 37 sanctions). Plaintiff's professed "good faith" in filing his failed motion to compel is, therefore, irrelevant.

Second, "that an amount of fees would be punitive is no bar against imposing them – indeed, punishing the party at fault is one of Rule 37's purposes." *Nasreen,* 2022 U.S. Dist. LEXIS 104653 at *12 (citations omitted). *See Beck*, 2012 U.S. Dist. LEXIS 190127 at *6 (Rule 37 "simply allows a court to issue any 'just orders' necessary to punish past discovery abuses or deter future abuses"). Plaintiff's characterization of Lane's motion as punitive is, therefore, irrelevant.

## I. <u>There Is No Genuine Dispute That Plaintiff's Motion Was Inappropriate</u>

As Lane showed previously, there is no genuine dispute that Plaintiff's motion to compel was inappropriate and without legal support and, therefore, not substantially justified, for the reasons initially explained to Plaintiff by Lane and later reiterated by the Court. Doc. 42-1 at 3-5. In his opposition, Plaintiff ignores those reasons and instead re-argues – as he did in his motion to compel – that his motion was necessary "to verify completeness" of Lane's document production and make it "reasonably usable," and supposedly allay his "completeness and usability concerns."



3208813.33098420.1

Doc. 44 at 3-4. Those concerns were entirely baseless, however, as the Court rightly concluded. Doc. 38.

Plaintiff argues again that Lane's August 14 production of newly discovered organizational charts raised "a legitimate completeness concern" and, indeed, by itself made Plaintiff's motion to compel "objectively reasonable." Doc. 44 at 2. As the Court made clear, however, "the August 14 production of the newly discovered charts does not suggest that Lane's production is incomplete" and instead "demonstrates that Lane fulfilled its duty to supplement under Rule 26(e) by producing the additional charts to Mr. Abdelhamid." Doc. 38 at 3.

It bears emphasizing that Plaintiff does not claim that Lane failed to produce, as the July 29 Order required, "the entirety of the prime contract, including all executed amendments and change orders, as well as the contract's terms and conditions," or "two subcontracts, including all executed amendments and change orders, as well as terms and conditions, on which Mr. Abdelhamid personally worked." Doc. 38 at 1. Plaintiff instead argues again that Lane's "production folder structure" "appears truncated and inconsistent," with "missing" exhibits and "gaps," which justified his request for a document "map" or "index" and "search certification." Doc. 44 at 4. But the Court made clear that Lane had no obligation to provide those additional tools because "Lane produced the documents in their native format – just as [Plaintiff] had required in his motion to extend discovery – and was not obligated to provide them in an alternative format," and even if Plaintiff hadn't specified the form of production, "Lane still would have complied with Federal Rule of Civil Procedure 34" and the Court's July 29 discovery order because "Lane produced files 'as they [were] kept in the usual course of Lane's business." Doc. 38 at 3.

Indeed, as the Court observed, although not required to do so, as a courtesy "Lane provided a Bates overlay at Mr. Abdelhamid's request to aid with usability" and Plaintiff "fail[ed] to explain

why the production remain[ed] unusable to him." Doc. 38 at 4. The Court, therefore, rightly rejected as meritless Plaintiff's argument that "Lane's production is unusable without a component index." *Id.* Plaintiff has still not explained why Lane's production of the prime contract and two subcontracts was unusable to him.

As Lane showed previously, Plaintiff's speculation that there must be more documents comprising the prime contract and the two applicable subcontracts as a matter of law "will not suffice" and, "[i]nstead of claiming the theoretical possibility that additional documents exist, courts have insisted that the documents that have been produced permit a reasonable deduction that other documents may exist and have been destroyed." Doc. 35 at 9 (quoting *Osseiran v. Int'l Fin. Corp*., 2010 U.S. Dist. LEXIS 162852, *5 (D.D.C. Jan. 21, 2010) (quoting *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008)). *See Parrott v. District of Columbia*, 2024 U.S. Dist. LEXIS 5752, *13 (D.D.C. Jan. 11, 2024) ("mere speculation that [a repository] is missing … data will not compel production"); *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010) ("If plaintiffs are speculating that documents responsive to these requests do exist, there must be a reasonable deduction that that is true, and not a mere hunch."); *Huthnance v. District of Columbia*, 244 F.R.D. 285, 289 (D.D.C. 2008) ("the court is loath to credit a party's mere hunch about the existence of additional documents responsive to a particular discovery request").

Lane put Plaintiff's mere hunch to the test before Plaintiff filed his motion to compel, but to no avail. On August 13, Lane conveyed to Plaintiff its understanding that, among the over 70,000 pages of documents gathered, the entire prime contract and designated subcontracts were produced, and asked that Plaintiff, if his understanding was different, specify what documents he believed were not included in the production. Doc. 42-2 at 2. Plaintiff did not specify any documents.

Instead, as the Court observed, after filing his motion to compel, Plaintiff alleged that "Lane's 'pre-production pruning' of documents 'makes it impossible to confirm' that Lane followed the court's July 29 order." Doc. 38 at 4. But as the Court noted, Plaintiff "offer[ed] no response to Lane's explanation that the excluded files were 'not part of' the prime contract or subcontracts and thereby fell outside the scope of the court's discovery order." *Id.* And nowhere in his opposition does Plaintiff claim that the entire prime contract and designated subcontracts were not produced, or provide any factual basis to reasonably deduce such a claim. Neither Lane's "production folder structure" nor its appropriate exclusions "create[ed] a genuine dispute about completeness and usability," Doc. 44 at 4, necessary to justify Plaintiff's motion to compel.

Nor is there a genuine dispute that the Court, in its July 29 order, previously denied Plaintiff's "remaining requests for Fabio Ciciotti's communications and internal communications among the human resources and legal teams." Doc. 38 at 4 (citing Doc. 31). Plaintiff argues that, nevertheless, his motion to compel those documents was justified because he didn't learn of them until Lane, as a courtesy, subsequently produced Plaintiff's entire electronic mailbox archive, which Plaintiff had not previously requested. Doc. 44 at 4-6. But that ignores the Court's plain directive issued back in July 2025 that "[a]ny additional requested relief not described in the foregoing list is DENIED." Doc. 31 at 2. The Court's July 29 order was purposely circumscribed, and it was patently unreasonable and even contemptuous for Plaintiff to move to compel his new and previously unrequested "follow-up requests" in defiance of that order.[1]

Plaintiff argues that the Court's denial of his motion to compel does not mean that the motion was unjustified, and a reasonable litigant could believe Court assistance was needed to

---

[1] Plaintiff also wrongly moved to compel a privilege log even though Lane advised him before his motion was filed that "[n]o documents were redacted or withheld in the production," Doc. 42-2 at 2, and only after filing his motion and receiving Lane's opposition did he apparently drop that request. Doc. 38 at 2 n.1.

ensure compliance with the Court's July 29 order. Doc. 44 at 5-6. But as another court in this District concluded in a similar case, "the Court's overwhelming decision for [one party] on the merits of their motion" was "sufficient to show that the [opposing party's] objections were not substantially justified" and "reasonable people could *not* differ as to the appropriateness of the bulk of [that party's] motion." *DL v. District of Columbia*, 241 F.R.D. 38, 49 (D.D.C. 2008). By the same logic, this Court's overwhelming decision in favor of Lane and denying Plaintiff's motion in its entirety is sufficient to show that the motion was not substantially justified, and reasonable people could not differ as to the inappropriateness of Plaintiff's motion.

## II. It Would Not Be Unjust To Award Lane Its Reasonable Attorney's Fees Incurred In Opposing Plaintiff's Failed Motion

In its initial Memorandum, Lane showed that there are no circumstances that would make an award of Lane's reasonable attorney's fees and expenses incurred in successfully opposing Plaintiff's motion unjust. Doc. 42-1 at 4-5. Plaintiff, having previously been admonished by the Court for disregarding his discovery obligations, is not immune from Rule 37 sanctions merely because he is proceeding pro se, and it would not be fair to burden Lane with the costs of opposing a motion that was clearly unjustified for the reasons first explained to Plaintiff by Lane and then reiterated by the Court. *Id*. at 5. Plaintiff's opposition fails to respond to that argument and, thus, the Court may – and should – treat that argument as conceded. *See, A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143 (D.D.C. 2013) ("[T]he Court may treat [a party's] failure to oppose [an opponent's] arguments as a decision to concede those arguments.") (quoting *Nat. Sec. Counselors v. C.I.A.*, 898 F. Supp. 2d 233, 268 (D.D.C. 2012)); *Day v. D.C. Dep't of Consumer & Regulatory Affairs,* 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.")

## CONCLUSION

For the foregoing reasons and the reasons stated in Lane's initial Memorandum, Lane respectfully requests that the Court grant its motion for attorney's fees and expenses and enter the proposed order submitted with Lane's initial Memorandum.

Dated: January 15, 2026

Respectfully submitted,

/s/ Christopher W. Mahoney

Christopher W. Mahoney, Esquire
Barclay Damon LLP
1742 N Street, NW
Washington, DC 20036
cmahoney@barclaydamon.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of January 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys and was sent via first-class mail to the following:

Osama Abdelhamid
3809 Mode Street
Fairfax, Virginia 22031

/s/ Christopher W. Mahoney
Christopher W. Mahoney