**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Osama Abdelhamid<br><br>Plaintiff,<br><br>v.<br><br>The Lane Construction Corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:23-cv-02472-LLA |

**AFFIDAVIT OF CHRISTOPHER W. MAHONEY IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**

I, Christopher W. Mahoney, do solemnly declare and affirm under the penalties of perjury that the following facts are true and correct to the best of my knowledge.

1. I am over eighteen years of age and competent to testify to the matters set forth herein, which are based upon my personal knowledge.

2. I am counsel of record for Defendant The Lane Construction Corporation ("Lane") in the above-captioned matter, and submit this Affidavit in support of Lane's motion for attorney's fees and expenses.

3. I am a partner in the law firm of Barclay Damon LLP ("Barclay Damon"). I am a 1985 graduate of the Georgetown University Law Center, where I was an Editor of *The Tax Lawyer*. Since being admitted to the District of Columbia Bar in 1985, I have for the past 41 years focused my practice on complex civil litigation. I am a Martindale-Hubbell AV-rated attorney and a Fellow of the Litigation Counsel of America, and have been recognized in *Washingtonian Magazine* as one of the District of Columbia's "top lawyers." I have litigated and tried numerous complex civil matters in State and Federal Court, including the Federal District Courts for the

District of Columbia, Maryland and Virginia, as well as the Superior Court of the District of Columbia and the Circuit Court for Montgomery County, Maryland.

4. Kelley Halliburton has also provided legal services to Lane in this matter. Ms. Halliburton is a partner in the law firm of Barclay Damon LLP. She is a 2005 graduate of the Indiana University Maurer School of Law. Since being admitted to the District of Columbia bar, she has focused her practice on complex civil litigation, including electronic discovery matters.

5. On August 18, 2025, Plaintiff filed his motion to compel production and for related relief. Doc. 34.

6. On September 2, 2025, Lane filed its opposition to Plaintiff's motion to compel production and for related relief. Doc. 35.

7. On October 17, 2025, the Court denied Plaintiff's motion to compel production and for related relief. Doc. 38.

8. On December 10, 2025, Lane filed its motion for attorney's fees and expenses. Doc. 42.

9. On September 29, 2026, the Court granted Lane's motion for attorney's fees and expenses and directed Lane to file an affidavit detailing its reasonable expenses incurred in opposing Plaintiff's motion to compel.

10. If a court determines that a party is entitled to an award of fees, it must, in the exercise of its traditional equitable discretion, determine the appropriate amount. *Thomas v. Moreland*, 2022 U.S. Dist LEXIS 108111, *5 (D.D.C. Mar. 4, 2022) (citing *Am. Oversight v. U.S. Dep't of Justice*, 375 F. Supp. 3d 50, 69 (D.D.C. 2019)). "The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly rate, producing the 'lodestar' amount." *Id.* at *5-6 (quoting *Flynn v. Dick Corp.*,

624 F. Supp. 2d 125, 130 (D.D.C. 2009)). *Accord, Bd. of Trs. of Hotel & Rest. Emples. Local, 25 v. JPR, Inc*., 136 F.3d 794, 801 (D.C. Cir. 1998); *Brackett v. Mayorkas*, 2023 U.S. Dist. LEXIS 139037, *3-4 (D.D.C. Aug. 9, 2023).

11. The party seeking fees has the burden of establishing the reasonableness of the fees requested, and must do so for both the number of hours and the hourly rate. *Brackett*, 2023 U.S. Dist. LEXIS 139037 at *4 (citing *Elec. Privacy Info. Ctr. v. Dept. of Homeland Sec*., 218 F. Supp. 3d 27, 38, 49 (D.D.C. 2016)).

12. "In order to satisfy its burden concerning the number of hours, the party requesting fees must submit 'sufficiently detailed information about the hours logged and the work done that permits the district court to make an independent determination whether or not the hours claimed are justified.'" *Bode & Grenier, LLP v. Knight*, 31 F. Supp. 3d 111, 116 (D.D.C. 2014) (quoting *Carmel & Carmel PC v. Dellis Constr. Ltd*., 858 F. Supp. 2d 43, 47 (D.D.C. 2012)). *Accord, Thomas*, 2022 U.S. Dist. LEXIS 108111 at *16. "Supporting documentation, such as time records reflecting the work of each attorney, 'must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended.'" *Brackett*, 2023 U.S. Dist. LEXIS 139037 at *4 (quoting *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004)). *Accord, Segar v. Garland*, 2024 U.S. Dist. LEXIS 175306, *8 (D.D.C. Sept. 27, 2024).

13. "The reasonableness of an hourly rate is determined by three elements: (1) 'attorney[] billing practices,' (2) 'attorney[] skill, experience, and reputation,' and (3) 'prevailing market rates in the relevant community.'" *Segar*, 2024 U.S. Dist. LEXIS 175306 at *7 (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015)). *Accord, Salazar v. District of Columbia*, 809 F.3d 58, 62 (D.C. Cir. 2015); *Brackett*, 2023 U.S. Dist. LEXIS 139037 at *4-5;

*Thomas*, 2022 U.S. Dist. LEXIS 108111 at *7; *Craig v. District of Columbia*, 197 F. Supp. 3d 268, 276 (D.D.C. 2016).

14. The first subelement for establishing a reasonable hourly rate – the attorney's billing practices – "requires the applicant to show the rates that [its] attorney 'customarily charges clients.'" *J.T. v. District Columbia*, 652 F. Supp. 3d 11, 27 (D.D.C. 2023). *Accord*, *U.F. v. District of Columbia*, 2020 U.S. Dist. LEXIS 144694, *11 (D.D.C. Aug. 12, 2020). "An attorney's 'usual billing rate is presumptively the reasonable rate,' if that rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Segar*, 2024 U.S. Dist. LEXIS 175306 at *7 (quoting *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)). *Accord*, *J.T.*, 652 F. Supp. 3d at 27; *U.F.*, 2020 U.S. Dist. LEXIS 144694 at *11.

15. A fee applicant bears the burden of producing satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Segar*, 2024 U.S. Dist. LEXIS 175306 at *7 (citing *Eley*, 793 F.3d at 100). *Accord*, *Brackett*, 2023 U.S. Dist. 139037 at *5. "However, 'no particular type of evidence can be considered gospel; 'evidence of the prevailing rate can take many forms.'" *Segar*, 2024 U.S. Dist. LEXIS 175306 at **7-8 (quoting *DL*, 924 F.3d at 589). "Providing surveys or matrices of prevailing rates for services in a certain area is one way of establishing the prevailing market rate …." *Id.* at *15. *See Salazar*, 809 F.3d at 62 ("A court calculating a prevailing market rate allows fee applicants to submit attorneys' fee matrices as one type of evidence."); *Brackett*, 2023 U.S. Dist. LEXIS 139037 at *6 ("in determining appropriate rates, courts in this district have often employed a schedule of hourly fees based on years of attorney experience, the first of which was developed in *Laffey v. Northwest Airlines, Inc.*, 577

F. Supp. 354 (D.D.C. 1983) …"); *Thomas*, 2022 U.S. Dist. LEXIS 108111 at *8 ("Fee applicants may submit fee matrices as evidence of the prevailing market rates.") (citations omitted).

16. The *Laffey* Matrix was established in 1983 and, in recent years, there have been "efforts [taken] to develop more robust and up-to-date matrices," the most recent being the Fitzpatrick Matrix, developed for the U.S. Attorney's Office for the District of Columbia by law professor Brian Fitzpatrick. *J.T.*, 625 F. Supp. 3d at 26. *See also Brackett*, 2023 U.S. Dist. LEXIS 139037 at *6. The Fitzpatrick Matrix has a more recent dataset, a larger sample size and more experience categories than the *Laffey* Matrix and, therefore, "offers a superior measure of the prevailing market rate for complex federal litigation in the District as compared to the … *Laffey* Matrix." *J.T.*, 625 F. Supp. 3d at 32-33.

17. Attached hereto as Exhibit 1 are true and correct copies of the invoices submitted to Lane by Barclay Damon for legal services provided to Lane with regard to Plaintiff's motion to compel and Lane's motion for attorney's fees and expenses. Those invoices indicate that my hourly rate at the time was $735 and Ms. Halliburton's hourly rate at the time was $615. Where appropriate, I have excluded or reduced certain time entries and expenses to eliminate time billed and expenses incurred that do not relate to Plaintiff's motion to compel or Lane's motion for attorney's fees and expenses and the preparation of this Affidavit.

18. The hourly billing rates charged by me and Ms. Halliburton to Lane are our usual and standard hourly billing rates that we customarily charge all firm clients. Those hourly billing rates are in line with and, indeed, below those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

19. Attached hereto as Exhibit 2 is a true and correct copy of the Fitzpatrick Matrix of hourly rates for legal fees for complex federal litigation in the District of Columbia.

20. The Fitzpatrick Matrix indicates that in 2025: the hourly billing rate for attorneys with at least 35 years of experience, such as myself, was $933, while my hourly billing rate at that time was $735; and the hourly billing rate for attorneys with 20 years of experience, such as Ms. Halliburton, was $850, while Ms. Halliburton's hourly billing rate at that time was $615.

21. "A fee petition need not present the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Segar*, 2024 U.S. Dist. LEXIS 175306 at *33-34 (quoting *Nat'l Assoc. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). Instead, it is sufficient if the time entries submitted "describe at the very least, the general subject of the substantive work the attorneys engaged in." *Id*. at *33. The essential goal is to do rough justice, not to achieve auditing perfection. *Louise Trauma Ctr. LLC v. U.S. Dep't. of Homeland Sec.*, 2023 U.S. Dist. LEXIS 85566, *13 (D.D.C. May 16, 2023).

22. "Time reasonably devoted to obtaining attorney's fees in the context of litigation where the court must be petitioned for such an award is itself subject to an award of fees. *Tequila Centinela, S.A. de C.V. v. Barcardi & Co.*, 248 F.R.D. 64, 72 (D.D.C. 2008) (citing *Cobell v. Norton*, 231 F. Supp. 295, 306-07 (D.D.C. 2002)). *Accord*, *Borum v. Brentwood Vill, LLC*, 2020 U.S. Dist. LEXIS 162664, *22 (D.D.C. Sept. 4, 2020). "This is commonly known as a 'fees-on-fees' award." *Id*.

23. "This Circuit has held that hours reasonably devoted to fee petitions are compensable" so long as the "fees on fees" are reasonable and not excessive. *Id*. (citing *Elec. Privacy Info. Ctr.*, 80 F. Supp. 3d at 162). Such "fees on fees" are recoverable as part of a Rule 37 fee award. *Coltrane v. Wilkins*, 2024 U.S. Dist. LEXIS 165824, *15-16 (D.D.C. Aug. 5, 2024). *Accord*, *J.T.F. v. District of Columbia*, 2025 U.S. Dist. LEXIS 49243, *20 (D.D.C. Mar. 18, 2025).

24. Out-of-pocket expenses are also customarily considered part of a reasonable attorney's "fees on fees" award. *Tequila Centinela S.A. de C.V.*, 248 F.R.D. at 73. *See Bode*, 31 F. Supp. 3d at 116 ("In addition to attorney's fees, other litigation expenses 'may also be included in the award if such expenses are routinely billed by an attorney to his or her client.'") (quoting *Carmel & Carmel PC v. Dellis Constr., Ltd*., 858 F. Supp. 2d 43, 47 (D.D.C. 2012)); *Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 46 (D.D.C. 2004) (attorneys are also entitled as part of attorney's fees award to all reasonable expenses normally expected to be passed on to fee paying clients).

25. Exhibit 1 indicates that I billed a total of 23.8 hours with regard to Plaintiff's motion to compel, and a total of 31.9 hours with regard to Lane's motion for attorney's fees and expenses and preparation of this Affidavit at an hourly rate of $735, which is below the Fitzpatrick Matrix hourly rate of $933, and that Ms. Halliburton billed a total of 5.1 hours with regard to Plaintiff's motion to compel at an hourly rate of $615, which is below the Fitzpatrick Matrix hourly rate of $850. That billed time amounts to $20,629.50 in legal fees incurred with regard to Plaintiff's motion to compel, and $23,446.50 in legal fees incurred with regard to Lane's motion for attorney's fees and expenses and preparation of this Affidavit. Exhibit 1 also indicates that $937.50 in expenses (*i.e.*, Lexis charges) were incurred with regard to Plaintiff's motion to compel and Lane's motion for attorney's fees and expenses. The sum of the legal fees and expenses sought by Lane equals $45,013.50.

I solemnly affirm under penalty of perjury and upon personal knowledge that the contents of the foregoing are true and correct to the best of my knowledge.

Executed: October 13, 2026

Christopher W. Mahoney, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys and via first-class mail to the following:

Osama Abdelhamid
3809 Mode Street
Fairfax, Virginia 22031

/s/ Christopher W. Mahoney
Christopher W. Mahoney